■ In the Matter of RONALD A. GREEN, Petitioner, v COUNTY COURT OF TOMPKINS COUNTY et al., Respondents.—Proceeding pursuant to CPLR article 78 initiated in this court to prohibit respondents from prosecuting petitioner on count two of Tompkins County Indictment No. 76-21. On January 19, 1976 a Tompkins County Grand Jury indicted petitioner on counts of manslaughter in the second degree (Penal Law, § 125.15), criminally negligent homicide (Penal Law, § 125.10), and driving while intoxicated (Vehicle and Traffic Law, § 1192). The charges arose from an accident which occurred on June 8, 1975 in which petitioner allegedly caused the deaths of two persons by operating his motor vehicle in the southbound lane while proceeding in a northerly direction on Route 34 in the Town of Lansing in Tompkins County. On April 19, 1977 he was acquitted of the manslaughter and driving while intoxicated charges. The jury, however, was unable to reach an agreement as to the criminally negligent homicide count

and a mistrial was declared thereon. On this application to prohibit further prosecution on the said remaining charge petitioner makes the following arguments: (1) the proposed second trial is barred by CPL 40.20; (2) since a verdict of conviction on the criminally negligent homicide charge would be inconsistent with the acquittals for manslaughter in the second degree and driving while intoxicated, retrial is impermissible under CPL 310.70 (subd 2, par [a], subd 3); and (3) if a retrial is permissible under CPL 310.70 and then the same is in violation of the constitutional mandate set forth in the language of CPL article 40 (particularly CPL 40.20). We have considered each of petitioner's claims and conclude that the petition must be dismissed. CPL 40.20 (subd 2, par [a]) provides: "A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless: (a) The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other". Insofar as is relevant herein, "A person is guilty of manslaughter in the second degree when: 1. He recklessly causes the death of another person" (Penal Law, § 125.15, subd 1), while "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person" (Penal Law, § 125.10). Substantially different standards of culpability are set forth in section 15.05 of the Penal Law for these respective crimes: "3. 'Recklessly.' A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists * * * 4. 'Criminal negligence.' A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists." There is clearly a great difference between a person who "consciously disregards" and one who "fails to perceive" the effects of his conduct. The distinction between the crimes of manslaughter in the second degree and criminally negligent homicide, because of these different standards, is well-established (*People v Stanfield*, 36 NY2d 467; *People v Usher*, 34 NY2d 600; *People v Haney*, 30 NY2d 328). Because the offenses have "substantially different elements" (CPL 40.20, subd 2, par [a]; *People v Abbamonte*, 43 NY2d 74), petitioner's acquittal for the manslaughter second charge does not bar a second or separate prosecution for criminally negligent homicide. We find petitioner's reliance upon *Matter of Martinis v Supreme Ct. of State of N. Y.* (15 NY2d 240), to be entirely misplaced. Petitioner's second argument is based upon CPL 310.70 (subd 2) which provides, in pertinent part: "2. Following the rendition of a partial verdict * * * a defendant may be retried for any submitted offense upon which the jury was unable to agree unless: (a) A verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense". Petitioner's claim that a verdict of conviction for criminally negligent homicide would be "inconsistent" with his acquittal on the manslaughter in the second degree charge is erroneous because of the substantial differences in a key element of the crimes, the requisite mental culpability, discussed above (Penal Law, § 125.15, subd 1; § 15.05, subd 3; §§ 125.10, 15.05, subd 4). Petitioner's acquittal on the driving while intoxicated charge, which required a finding that he had more than .10 of one per centum of alcohol in his blood while operating a motor vehicle (Vehicle and Traffic Law, § 1192), would in no event be inconsistent with a finding that he "fail[ed] to perceive a substantial and unjustifiable risk" (Penal Law, § 15.05,

subd 4) that he would cause the death of another person (Penal Law, § 125.10). While proof of intoxication, provided a relationship between the intoxication and the other elements of criminally negligent homicide could be shown, would be evidence thereof *(People v Bast,* 19 NY2d 813), such proof is by no means necessary to a conviction under section 125.10 of the Penal Law. Petitioner's final claim is that "any interpretation of section 310.70 which allows retrial of the defendant herein is at loggerheads with the language of CPL 40.20", conceded to be constitutional. We find no inconsistency between the two statutes and no violation of the constitutional prohibitions against double jeopardy. Petition dismissed, without costs. Sweeney, J. P., Staley, Jr., Larkin and Herlihy, JJ., concur; Kane, J., concurs in the following memorandum. Kane, J. (concurring). Although I agree that the instant petition should be dismissed, my reasoning differs somewhat from the majority's approach. This proceeding is not concerned with the basic *constitutional* ban against two prosecutions for the *same* crime, in this case criminally negligent homicide, since the proposed trial will represent but a continuation of that portion of the original prosecution as to which a termination was necessitated by the inability of the jury to reach agreement *(United States v Perez,* 9 Wheat [22 US] 579; *People ex rel. Stabile v Warden of City Prison of City of N. Y.,* 202 NY 138, 150-151; see CPL 40.20, subd 1; 40.30; 310.70). Petitioner's complaint is that his impending trial will transgress the broader *statutory* mandates which enjoin separate prosecutions for *different* offenses based on the same act or criminal transaction (CPL 40.20, subd 2; e.g., *People v Abbamonte,* 43 NY2d 74) and forbid the retrial of a submitted offense if a conviction thereon would be inconsistent with the verdict actually rendered (CPL 310.70, subd 2, par [a]). While there can be no doubt that an article 78 proceeding in the nature of prohibition is an appropriate vehicle to test the species of double jeopardy here presented *(Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 43 AD2d 414, mod 37 NY2d 560, 564), it is also true that prohibition will issue only upon a clear showing of legal entitlement to such relief, and then only in the court's discretion *(Matter of Dondi v Jones,* 40 NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 579-580, cert den 424 US 968). Petitioner's current arguments could be raised and determined on a motion to dismiss the indictment (CPL 210.20, subd 1, pars [e], [h]), yet his petition contains no allegation of an attempt to secure a dismissal of the accusatory instrument by resort to that procedure. That omission may not be fatal to the institution of this proceeding, but it is a legitimate factor to be weighed in deciding whether discretion should be exercised in favor of granting collateral relief even when adequate grounds for such action might otherwise exist *(La Rocca v Lane, supra;* cf. *Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, supra,* and *Matter of Abbamonte v Justices of N. Y. Supreme Ct. of N. Y. County,* 42 AD2d 888, affd 33 NY2d 737, with *People v Abbamonte, supra).* No compelling reason has been advanced to demonstrate why we should overlook this apparent departure from orderly procedure before the trial court. In effect, petitioner is asking us to assume that the trial court would rule incorrectly on a motion to dismiss and to apply an extraordinary remedy in aid of that premise. If his position on the substantive issues was unimpeachable, perhaps a court would be moved to resolve the dispute in a prohibition proceeding, but that is plainly not the situation before us and the petition should be dismissed, in the exercise of discretion, as being premature. Inasmuch as the majority has passed on the merits, however, an analysis of those underlying issues is warranted. In my view, CPL 40.20 (subd 2) does not apply to petitioner's prosecution. A criminal

occurrence may simultaneously violate several penal statutes and there is no barrier to joining all of such offenses in a single accusation and proceeding to trial on that basis (CPL 200.20). With certain exceptions, the statute relied upon by petitioner is generally designed to encourage that policy by precluding multiple prosecutions for the same occurrence through the device of successively alleging slightly different offenses until a conviction is secured. That it is merely directed at a "separate" prosecution once jeopardy has attached is made clear by other provisions (CPL 40.30, subds 2, 3) and the interruption of petitioner's initial prosecution by a jury disagreement does not transform a resumption thereof into a distinctly new one any more than the direction of a new trial following a properly declared mistrial would constitute a second prosecution in the constitutional sense. The majority addresses this proceeding as though petitioner was first charged with criminally negligent homicide only after he had previously been acquitted of second degree manslaughter and driving while intoxicated. It then concludes that, because second degree manslaughter and criminally negligent homicide have substantially different elements, a separate prosecution for criminally negligent homicide is allowable under the exception contained in CPL 40.20 (subd 2, par [a]). Those two offenses do possess different elements, but had the matter reached us in the context of a truly separate prosecution, I would be compelled to disagree with the majority's result for the exception also requires that "the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (CPL 40.20, subd 2, par [a]). The conduct alleged in support of each crime was identical in specifying that petitioner operated his vehicle on the wrong side of the road while under the influence of alcohol, and neither accusation contained any additional factual averment that was missing from the other. Apart from this flaw in rationale, and continuing with the majority's concept of affairs, it should be noted that dependence on an alternative exception contained in the subdivision would still not rescue its conclusion since it cannot be said that second degree manslaughter and criminally negligent homicide are meant to prevent "very different kinds of harm or evil" (CPL 40.20, subd 2, par [b]). While it may be more reprehensible to consciously disregard a risk than to fail to perceive it, both offenses are restricted to the occurrence of homicidal incidents. By way of contrast, the offense of driving while intoxicated is intended to promote highway safety and to diminish a far wider range of potential injury. Consequently, had petitioner been charged with and acquitted of the single offense of driving while intoxicated, he would not be shielded from a later prosecution for either or both of the afore-mentioned homicide charges; at least not under that statutory exception (CPL 40.20, subd 2, par [b]; see *Matter of Martinis v Supreme Ct. of State of N. Y.,* 15 NY2d 240). Moreover, assuming the acts underlying each offense are distinguishable or the evils to be prevented are not the same, an acquittal of second degree manslaughter, had it alone been charged, would probably carry with it an exoneration of criminally negligent homicide as a lesser included offense (see *People v Strong,* 37 NY2d 568; *People v Stanfield,* 36 NY2d 467). The majority returns to the actual circumstances presented in commenting on CPL 310.70 (subd 2) and I fully support its observations. Petitioner's final argument founded on a theory of constitutional collateral estoppel (see *Ashe v Swenson,* 397 US 436) would have no bearing on the outcome of this proceeding even if the prosecutions were separate in fact. The determination of the former proceeding would settle questions of whether petitioner had a certain level of alcohol in his blood or had disregarded pertinent risks, but those findings would not

necessarily imply that the jury had also excused him of failing to perceive the risk posed by operating his automobile on the wrong side of the road.