OPINION OF THE COURT
Richard J. Goldman, J.
Defendant, as part of his omnibus motion, moves for an order dismissing counts Nos. 3 and 4 of the indictment on the grounds that they are based upon the same offense as charged in count No. 1 and constitute separate prosecutions based upon the same criminal transaction, thereby violating CPL 40.20.
The defendant was indicted for the crimes of criminal possession of a weapon, second degree (count No. 1); criminal possession of a weapon, third degree (count No. 2), and criminal use of a firearm, second degree (counts Nos. 3 and 4).
Fundamental to our system of criminal justice is the deep-rooted constitutional principle that no person shall be tried more than once for the same offense (Benton v Maryland, 395 US 784, 795). In New York, this double jeopardy protection is extended beyond Federal (Fifth Amendment) and State (NY Const, art I, § 6) constitutional guarantees by CPL article 40 (People v Abbamonte, 43 NY2d 74, 81). *322 Under this article, New York adopted what is generally known as the “same transaction” test (see Ashe v Swenson, 397 US 436, concurring opn, Brennan, J.) “which, in its purest form, prohibits a second prosecution to be based on the same transaction as a former one” (Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County, 37 NY2d 560, 565; Matter of Auer v Smith, 77 AD2d 172, app and cross appeals dsmd 52 NY2d 1070). The initial inquiry in any application of this test “is whether a later prosecution of a defendant and a prior prosecution are based upon ‘the same act or criminal transaction’ ” (People v Abbamonte, 43 NY2d 74, 82; emphasis supplied). It is clear in the instant case that there has been only one criminal transaction as defined by CPL 40.10 (subd 2), but CPL article 40 is not violated unless there has been a previous prosecution (CPL 40.30, subd 1; see Matter of Green v County Ct. of Tompkins County, 61 AD2d 1098, 1100-1101, concurring opn, Kane, J., app dsmd 47 NY2d 881). (Cf. People v Gonzalez, 81 AD2d 838, app dsmd 54 NY2d 834). A previous prosecution is defined in CPL 40.30 (subd 1) as follows:
“Except as otherwise provided in this section, a person ‘is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either:
“(a) Terminates in a conviction upon a plea of guilty; or
“(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.”
In the instant case, there is no claim of a previous conviction or trial. Therefore, CPL article 40 has not been violated.
In addition, CPL 40.20 (subd 1) states that “[a] person may not be twice prosecuted for the same offense.” When, however, the same conduct or criminal transaction violates two or more statutory provisions, each such violation constitutes a separate and distinct offense (CPL 40.10, subd 1; Matter of Green v County Ct. of Tompkins County, supra, pp 1100-1101, concurring opn, Kane, J., app dsmd 47 NY2d 881). In the instant case, although all counts in the indict *323 ment are based upon the same transaction (CPL 40.10, subd 2), it is clear that separate statutory provisions were violated. (See Matter of Klein v Murtagh, 44 AD2d 465, 467, affd 34 NY2d 988.)
Accordingly, defendant’s double jeopardy rights under CPL article 40 have not been violated by the instant indictment.
Further, there is no violation of defendant’s due process or equal protection rights. In People v Eboli (34 NY2d 281, 287) the court held “that overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution.” That case dealt with misdemeanor coercion (Penal Law, § 135.60) and felony coercion (Penal Law, § 135.65) which contain identical elements. The court there found no constitutional prohibition reasoning that verbal duplication could normally be explained by reviewing the legislative intent in enacting the similar or overlapping offenses or by reading the commentaries (People v Discala, 45 NY2d 38; People v Offen, 96 Misc 2d 147, 152). By adopting such an approach, guidelines differentiating seemingly identical offenses become readily apparent (People v Eboli, 34 NY2d 281, 288, supra).
In the instant case, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree are both class C violent felony offenses authorizing the same level of punishment and having the same elements. If due process is not violated by prosecutorial discretion in charging a greater or lesser punitive statute, as in Eboli (supra), it certainly is not violated when the crimes charged authorize similar levels of punishment. Accordingly, neither defendant’s due process rights nor his equal protection rights are violated by the instant indictment.
However, counts Nos. 3 and 4 must be dismissed for the following reasons. The People, in the instant case, seek to use the crime of criminal possession of a weapon in the second degree as an underlying felony. Employment of such offense as the underlying felony to the crime of criminal use of a firearm in the second degree would result in the following reading of that statute. As to count No. 3, *324 subdivision (1) of section 265.08 of the Penal Law would read:
“A person is guilty of criminal use of a firearm in the second degree when he [possesses a loaded firearm with intent to use the same unlawfully against another] and
“(1) possesses * * * a loaded weapon from which a shot * * * may be discharged”. (Emphasis supplied.)
It makes little sense to read the statute in such a way or to believe the Legislature intended the separate and distinct element of possession of a loaded weapon be present twice. Indeed, by making possession of a loaded weapon a separate subdivision of section 265.08 of the Penal Law, the Legislature has indicated that possession should be a separate element different from the underlying felony. The resulting redundancy if two elements of possession are needed causes an absurd result which this court declines to adopt.
As to count No. 4, subdivision (2) of section 265.08 of the Penal Law would read:
“A person is guilty of criminal use of a firearm in the second degree when he [possesses a loaded firearm with intent to use the same unlawfully against another] and jjc
jjc
“(2) displays what appears to be * * * firearm.” (Emphasis supplied.)
It also makes little sense to hold that the separate and distinct element of possession of a loaded weapon in the underlying felony be added when the use crime charges display of a firearm. Such a reading is redundant and superfluous. It would be hard to conceive of how a person could display a weapon without somehow possessing it.
In addition, implicit in the legislative intent in enacting the crime of criminal use of a firearm is the idea that use rather than possession occur during the commission of the underlying felony. In 1980, as part of the gun control legislation, the crimes of criminal use of a firearm in the first degree (Penal Law, § 265.09) and criminal use of a firearm in the second degree (Penal Law, § 265.08) were *325 added to the Penal Law with the objective of increasing the penalties for those who use handguns during the commission of certain felonies (Governor’s Approval Memorandum, L 1980, chs 233, 234, McKinney’s Session Laws of NY, 1980, p 1857). This objective is advanced, albeit in a roundabout way, by converting certain B or C violent felony offenses (e.g., forcible rape in the first degree) which do not contain use or display of a gun as a statutory element of the crime (although such may be a factual element thereof) into armed felony offenses. As such, those offenses then become subject to mandatory prison sentences and stricter plea bargaining limitations (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, 1982-1983 Pocket Part, p 42).
Section 5.00 of the Penal Law is relevant and reads as follows: “The general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.”
To use criminal possession of a weapon in the second degree as the underlying felony in the instant case would result in an anomaly that neither appears to come within the State legislative intent nor advances the goals of such legislation. Where there is evidence of clear legislative intent to the contrary, overlapping statutes should not be charged together (People v Knatt, 156 NY 302, 305; see, also, People v Costello, 305 NY 63, 65).
Therefore, consistent with objects of law and justice, this court holds that the crime of criminal possession of a weapon in the second degree may not serve as the underlying felony when charging the crime of criminal use of a firearm.* Accordingly, counts Nos. 3 and 4 of the indictment are dismissed.

 This court does not pass on the question of whether any other class B or C armed felony offense may serve as the underlying felony when charging the crime of criminal use of a firearm.