■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE BONES, Appellant. — Judgment unanimously affirmed. Memorandum: In the course of a street altercation, defendant fired a handgun into a group of people causing serious injuries to the victim. He was indicted and convicted of assault in the first degree (Penal Law, § 120.10, subd 1) and criminal use of a firearm in the second degree (Penal Law, § 265.08). On this appeal, defendant for the first time argues that it was error to use the first degree assault charge — an armed felony — as a class C violent felony offense (Penal Law, § 70.02, subd 1, par [b]) for the purpose of establishing the necessary violent felony predicate for criminal use of a firearm, second degree (Penal Law, § 265.08). There is merit to this contention (see *People v Horne,* 121 Misc 2d 389; *People v Serrano,* 119 Misc 2d 321). However, defendant failed to move against the indictment or to take exception to the submission to the jury of the criminal use of a firearm charge. Thus, the issue has not been preserved for appeal (CPL 470.05, subd 2). ¶ We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Mintz, J. — assault, first degree.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD DAVIS, Appellant. — Judgment unanimously affirmed. Memorandum: The court erred in denying defense counsel the right to cross-examine the police officer with respect to exculpatory portions of defendant's statements which indicated that he had stabbed the victim in self-defense. When an inculpatory portion of a statement is admitted into evidence (defendant's statement that he stabbed the decedent during a dice game, that he meant to kill him, and that he hoped he was dead), the defendant has the right to introduce any other part of the statement which "tends to modify or destroy the effect of the admission" (Richardson, Evidence [10th ed], § 227). Nevertheless, it is clear from the record that this error was not prejudicial to defendant inasmuch as he testified extensively regarding his version of the incident and his redacted statement was read into evidence. The jury was thus made aware that the defendant had asserted a claim of self-defense immediately after his arrest. Moreover, in seeking to have the statement admitted, defense counsel relied on an inapplicable exception to the hearsay rule, thereby failing to preserve the issue for review (*People v Boyd,* 58 NY2d 1016). We have considered defendant's other arguments and we find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boomer, J. — murder, second degree.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.