OPINION OF THE COURT

Per Curiam.

The order of the Appellate Division should be affirmed.
In the late evening of October 24, 1980, defendant, Miguel Leiva, together with Reynaldo Barrios, accosted and robbed Merrill Fuchs as she walked along Cabrini Boulevard in Manhattan. Defendant displayed what appeared to be a handgun, but which was actually a toy pistol, and Barrios wielded a knife. Defendant and Barrios were apprehended and, by means of a four-count indictment, were charged with (1) first degree robbery, pursuant to subdivision 3 of section 160.15 of the Penal Law, for displaying a dangerous instrument, a knife, during the commission of the crime; (2) second degree robbery, pursuant to subdivision 1 of section 160.10 of the Penal Law on *290 the theory of accomplice presence; (3) second degree robbery, pursuant to subdivision 2 of section 160.10 of the Penal Law, for display of what appeared to be a handgun; and (4) first degree criminal use of a firearm, pursuant to section 265.09 of the Penal Law.
After a jury trial, defendant was found guilty on all four counts of the indictment and was sentenced to concurrent prison terms of three to nine years on each of the four conviction counts. The Appellate Division, First Department, unanimously affirmed the conviction, without opinion.
The issue presented is whether first degree robbery is an appropriate predicate crime to support a conviction for first degree criminal use of a firearm.
Defendant contends that the utilization of first degree robbery as the predicate crime to support a conviction for criminal use of a firearm is inappropriate since every robbery involving a gun qualifies as an armed felony, and it would be superfluous to prosecute for both first degree robbery and criminal use of a firearm. Inasmuch as defendant’s first degree robbery conviction rests upon the display of a dangerous instrument — a knife — and not a gun, the first degree robbery conviction, a class B felony, properly serves as a predicate crime to support a conviction for criminal use of a firearm. Accordingly, the alleged conceptual redundancy of concurrent prosecution of defendant for both criminal use of a firearm and first degree robbery based upon the presence or apparent presence of a firearm, and the question of whether such a prosecution would be concordant with the intended scope of section 265.09 of the Penal Law, need not be addressed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order affirmed.