■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NUNESS, Appellant. [715 NYS2d 174] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: This Court affirmed defendant's judgment of conviction (159 AD2d 970, *lv denied* 76 NY2d 862) and thereafter granted defendant's motion for a writ of error coram nobis (266 AD2d 934). Upon reviewing the appeal de novo, we agree with defendant that, in light of his conviction of two counts of robbery in the first degree (Penal Law § 160.15 [4]), his conviction of the noninclusory concurrent counts of criminal use of a firearm in the first degree (Penal Law § 265.09 [1] [b]) must be reversed and the sentences imposed thereon vacated (*see, People v Brown*, 67 NY2d 555, 560-561, *cert denied* 479 US 1093). Although defendant's contention is not preserved for our review, we modify the judgment as a matter of discretion in the interest of justice by reversing defendant's conviction of criminal use of a firearm in the first degree under counts three and four of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. WESTON, Appellant. [715 NYS2d 175] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to a reduced charge of attempted burglary in the third degree (Penal Law §§ 20.00, 110.00, 140.20) in satisfaction of a superior court information charging him with planning and participating in a residential burglary. As a condition of the plea agreement, defendant waived his right to appeal. The general waiver of the right to appeal encompasses the present contention of defendant that County Court erred in denying his request for youthful offender status (*see, People v Franklin*, 261 AD2d 900, *lv denied* 94 NY2d 823; *People v Kukavica*, 207 AD2d 968, *lv denied* 84 NY2d 937; *see generally, People v Hidalgo*, 91 NY2d 733). In any event, we conclude that the court did not abuse its discretion in denying defendant's request, and we decline to exercise our interest of justice jurisdiction to grant defendant youthful offender status (*see, People v Young*, 224 AD2d 949). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.