THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAARON K. DUNBAR, Appellant. [713 NYS2d 437] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant contends that the accomplice testimony was inadequately corroborated. We disagree. Defendant's participation in the two robberies was independently corroborated (see, People v Tillotson, 63 NY2d 731, 733). The verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Defendant's contention that the verdict is repugnant has not been preserved for our review (see, People v Alfaro, 66 NY2d 985, 987) and, in any event, lacks merit (see generally, People v Trappier, 87 NY2d 55, 58). Defendant's contention that criminal possession of a weapon in the fourth degree is an inclusory concurrent count of robbery in the second degree also has not been preserved for our review (see, CPL 470.05 [2]). Were we to exercise our power to review that contention as a matter of discretion in the interest of justice, we would conclude that they are not inclusory concurrent counts (see, People v Mason, 128 AD2d 812, 813, lv denied 70 NY2d 651). County Court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 on the ground of newly discovered evidence (see, People v Pugh, 236 AD2d 810, lv denied 89 NY2d 1099).

Defendant further contends that, in light of his conviction of two counts of robbery in the second degree (Penal Law § 160.10 [2]), his conviction of the noninclusory concurrent counts of criminal use of a firearm in the second degree (Penal Law § 265.08 [2]) should be reversed and the sentences imposed thereon vacated. We agree (see, People v Brown, 67 NY2d 555, 560-561, cert denied 479 US 1093). Although the error was not preserved for our review, we modify the judgment as a matter of discretion in the interest of justice by reversing defendant's conviction of criminal use of a firearm in the second degree under the second and fifth counts of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment.

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.