■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
FRANK CRISLER, JR., Appellant. (Appeal No. 1.) [718 NYS2d 507]
—Judgment unanimously modified as a matter of discretion in
the interest of justice and as modified affirmed in accordance
with the following Memorandum: Defendant appeals from a
judgment convicting him upon a jury verdict of criminal pos-
session of a weapon in the second degree (Penal Law § 265.03
[2]) and two counts of criminal use of a firearm in the second
degree (Penal Law § 265.08 [1], [2]). He was sentenced as a
persistent felony offender to concurrent indeterminate terms of
incarceration of 25 years to life on each count. Defendant
contends that the evidence is legally insufficient to support the
conviction and the verdict is against the weight of the evi-
dence; that County Court committed numerous errors during
the course of the proceedings that deprived defendant of a fair
trial; that the verdict is repugnant or inconsistent; that the
sentence is unduly harsh and severe; and that the court erred
in denying his CPL 440.10 motion to vacate the judgment of
conviction on the ground of newly discovered evidence.

The evidence is legally sufficient to support the conviction
and the verdict is not against the weight of the evidence. A po-

lice officer testified that he observed defendant remove a silver revolver from a vehicle parked outside a bar in the City of Rochester, that he followed defendant as he walked toward the bar, and that he heard a gunshot coming from the area where he saw defendant standing near the bar. There is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see, People v Bleakley*, 69 NY2d 490, 495). The jury did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley, supra*, at 495).

The court properly denied the motion of defendant to suppress his statement to the police. In any event, the issue is moot because the People did not use the statement at trial. The court's *Sandoval* ruling was a proper exercise of the court's discretion (*see, People v Walker*, 83 NY2d 455, 459). The court also properly determined that defendant was not denied his constitutional right to a speedy trial (*see, People v Taranovich*, 37 NY2d 442, 445-446; *People v McKenzie,* 212 AD2d 641, *lv denied* 85 NY2d 976). The court did not abuse its discretion in allowing the prosecutor, on redirect examination, to elicit testimony from a prosecution witness concerning admissions that defendant made to her (*see, People v Melendez*, 55 NY2d 445, 451; *People v Violante*, 144 AD2d 995, 996, *lv denied* 73 NY2d 897).

Defendant's contention that the verdict is repugnant or inconsistent is not preserved for our review because defendant failed to object to the verdict before the jury was discharged (*see, People v Alfaro*, 66 NY2d 985, 987; *People v Aponte*, 194 AD2d 315, *lv denied* 82 NY2d 713).

Defendant further contends that, in light of his conviction of criminal possession of a weapon in the second degree (Penal Law 265.03 [2]), his conviction of the noninclusory concurrent counts of criminal use of a firearm in the second degree (Penal Law § 265.08 [1], [2]) should be reversed. We agree (*see, People v Brown*, 67 NY2d 555, 560-561, *cert denied* 479 US 1093; *People v Dunbar*, 275 AD2d 968; *People v Serrano*, 119 Misc 2d 321). Although defendant's contention is not preserved for our review, we modify the judgment as a matter of discretion in the interest of justice by reversing defendant's conviction of criminal use of a firearm in the second degree under the third and fourth counts of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment.

Defendant was properly adjudicated a persistent felony offender. "[T]he history and character of the defendant and the

nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest" (CPL 400.20 [1] [b]). For the same reason, the sentence is neither unduly harsh nor severe (*see, People v Young*, 255 AD2d 907, 908, *affd* 94 NY2d 171, *rearg denied* 94 NY2d 876; *see also, People v Virgil*, 269 AD2d 850, *lv denied* 95 NY2d 806).

Finally, the court properly denied defendant's CPL 440.10 motion to vacate the judgment of conviction on the ground of newly discovered evidence. Defendant failed to demonstrate that the evidence was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]; *see, People v Maddox*, 256 AD2d 1068, *lv denied* 93 NY2d 875). (Appeal from Judgment of Monroe County Court, Sirkin, J.—Criminal Possession Weapon, 2nd Degree.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.