■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL SHELTON, Also Known as SIX, Appellant. [725 NYS2d 238] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Lawliss, J.), rendered May 25, 1999, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, assault in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree.

Following a jury trial, defendant was convicted of attempted assault in the first degree, assault in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal use of a firearm in the second degree. The charges stem from a May 23, 1997 "shootout" between defendant and Eric Crump, a competing drug dealer, over their overlapping turf in the Hamilton Hill area of the City of Schenectady, Schenectady County. Evidence was adduced at trial establishing that defendant indeed shot and injured Crump in the shoulder during the shootout. Defendant took the stand in his own defense and testified that he shot at Crump in self-defense. Sentenced to concurrent prison terms on each count, the maximum of which was 7½ to 15 years, all to run consecutively with an unrelated murder sentence, defendant appeals.

Of the three contentions raised on appeal, only one has merit. We agree with defendant's contention that, in light of his conviction of attempted assault in the first degree (*see*, Penal Law §§ 110.00, 120.10), his conviction of the noninclusory concurrent count of criminal use of a firearm in the second degree (*see*, Penal Law § 265.08 [2]; *see also*, CPL 300.30 [4]; Penal Law § 70.25 [2]) should be reversed and the sentence imposed thereon vacated (*see*, *People v Brown*, 67 NY2d 555, 560-561, *cert denied* 479 US 1093; *People v Nuness*, 275 AD2d 915; *People v Bones*, 103 AD2d 1012; *People v Serrano*, 119 Misc 2d 321, 323-324). Although this issue is not preserved for review, we nevertheless modify the judgment as a matter of discretion and in the interest of justice (*see*, *People v Crisler*, 278 AD2d 887; *People v Nuness*, *supra*; *cf.*, *People v Bones*, *supra*).

Mercure J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as convicted defendant of the crime of criminal use of a firearm in the second degree; said count of the indictment dismissed; and, as so modified, affirmed.