■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL A. PIRELA, Appellant. [737 NYS2d 889] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered August 20, 1999, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reversing the conviction of criminal use of a firearm in the first degree, vacating the sentence imposed thereon and dismissing count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a joint jury trial with a codefendant, of robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]), criminal use of a firearm in the first degree (Penal Law § 265.09 [1] [b]), and other crimes. Contrary to the contention of defendant, Supreme Court did not instruct the jury that it could not acquit him of robbery in the first degree unless it also acquitted his codefendant of the same crime. Rather, the court instructed the jury that, if it found defendant not guilty of robbery in the first degree, it must also acquit his codefendant of that crime. We reject the further contention of defendant that the court erred in failing to instruct the jury in its supplemental charge that his display of a firearm was an element of the crime of

robbery in the first degree charged in the indictment against his codefendant. The court had previously so instructed the jury and did not err in refusing to repeat that instruction in the supplemental charge.

We agree with defendant that robbery in the first degree cannot serve as the predicate crime for the noninclusory concurrent count of criminal use of a firearm in the first degree (*see, People v Brown*, 67 NY2d 555, 560-561, *cert denied* 479 US 1093; *cf., People v Leiva*, 63 NY2d 288, 290). Although defendant failed to preserve that contention for our review, we modify the judgment as a matter of discretion in the interest of justice by reversing the conviction of criminal use of a firearm in the first degree, vacating the sentence imposed thereon and dismissing count three of the indictment (*see, People v Crisler*, 278 AD2d 887, 888, *lv denied* 96 NY2d 861; *People v Nuness*, 275 AD2d 915). Finally, the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.