■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN SIMPSON, Also Known as DASHUN C. BEAN, Appellant. [738 NYS2d 801] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered June 25, 1999, convicting defendant after a jury trial of, inter alia, robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reversing that part convicting defendant of criminal use of a firearm in the first degree, vacating the sentence imposed thereon and dismissing count three of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him of criminal use of a firearm in the first degree (Penal Law § 265.09 [1]); criminal possession of a weapon in the second degree (Penal Law § 265.03); criminal possession of stolen property in the fifth degree (Penal Law § 165.40); forgery in the second degree (Penal Law § 170.10 [1]); and two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment because he was allegedly denied his right to testify before the grand jury. That motion, made several months after defendant was arraigned on the indictment, was properly denied as untimely (*see,* CPL 190.50 [5] [c]; *see also, People v Halm,* 180 AD2d 841, 842, *affd* 81 NY2d 819; *People v Beyor,* 272 AD2d 929, 930, *lv denied* 95 NY2d 832; *People v Davis,* 167 AD2d 553).

Defendant further contends that the judgment should be reversed based on the court's denial of his challenge for cause to a prospective juror. Even assuming, arguendo, that the court

erred in denying the challenge for cause, we conclude that reversal would not be warranted. "[E]rroneous denial of a challenge for cause 'does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete' " (*People v Lynch*, 95 NY2d 243, 248, quoting CPL 270.20 [2]). Here, after the court denied defendant's challenge for cause, the People exercised a peremptory challenge to strike that prospective juror (*see, People v Stone*, 239 AD2d 872, *lv denied* 90 NY2d 943).

We agree with defendant, however, that neither subdivision of robbery in the first degree charged here (Penal Law § 160.15 [2], [4]) can serve as the predicate crime for the noninclusory concurrent count of criminal use of a firearm in the first degree (*see, People v Brown*, 67 NY2d 555, 560-561, *cert denied* 479 US 1093; *People v Pirela*, 291 AD2d 843; *People v Nuness*, 275 AD2d 915; *cf., People v Leiva*, 63 NY2d 288, 290). Although defendant failed to preserve that contention for our review, we modify the judgment as a matter of discretion in the interest of justice by reversing that part convicting defendant of criminal use of a firearm in the first degree, vacating the sentence imposed thereon and dismissing count three of the indictment (*see, People v Pirela, supra; People v Nuness, supra*). Finally, the sentence is neither unduly harsh nor severe. Present— Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.