■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMEYON MERRIWEATHER, Appellant. [748 NYS2d 105] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered January 14, 2000, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reversing that part convicting defendant of criminal use of a firearm in the first degree, vacating the sentence imposed thereon and dismissing count seven of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, attempted murder in the second degree (Penal Law § 110.00, 125.25 [1]), robbery in the first degree (two counts) (§ 160.15 [1], [2]) and criminal use of a firearm in the first degree (§ 265.09 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Defendant further contends that the photo array shown to the victim was unduly suggestive because defendant wore his hair in "cornrows" and thus Supreme Court erred in refusing to suppress the victim's identification of him. Contrary to defendant's contention, the array contains six photos of men with similar features and hair styles, and "the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers,* 245 AD2d 1041, 1041; *see People v Fomby,* 298 AD2d 893). Defendant failed to preserve for our review his remaining contention with respect to the photo array (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant further contends that robbery in the first degree cannot serve as the predicate crime for the noninclusory concurrent count of criminal use of a firearm in the first degree (*see People v Brown,* 67 NY2d 555, 560-561, *cert denied* 479 US 1093; *People v Pirela,* 291 AD2d 843, 844, *lv denied* 98 NY2d 679). We agree. Although defendant failed to preserve his contention for our review, we modify the judgment as a matter of discretion in the interest of justice by reversing that part

convicting defendant of criminal use of a firearm in the first degree, vacating the sentence imposed thereon and dismissing count seven of the indictment. The sentence is neither unduly harsh nor severe. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.