Memorandum. The failure of the prosecution to disclose to defense counsel before or during defendant’s trial the inability of the robbery victim on the night of the robbery to identify defendant from a police photograph of him, together with the *960 highly suggestive police station identification procedures used here, seriously undermines the credit to which the jury’s determination of guilt in this case is entitled. “ That the district attorney’s silence was not the result of guile or a desire to prejudice matters little, for its impact was the same, preventing, as it did, a trial that could in any real sense be termed fair ’ ’ (People v. Savvides, 1 N Y 2d 554, 557; see, also, Brady v. Maryland, 373 U. S. 83, 87-88). Over and above this error, the defendant would be entitled to a remand to the trial court for consideration of the effect upon the in-court identifications of the improper “ show-ups ” conducted at the police station (see People v. Ballott, 20 N Y 2d 600).
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Judgment reversed and a new trial ordered in a memorandum.