■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TURNER, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered March 10, 1972, convicting him of murder, upon a jury verdict, and imposing sentence and (2) (by permission) an order of the same court, entered September 6, 1973, which denied his motion to vacate the said judgment, without a hearing. Appeal from the order dismissed as academic in view of the disposition herein of the appeal from the judgment. Judgment reversed, on the law, and new trial ordered. Appellant was charged with having shot and killed one Mary Booker during a robbery. Crucial to the prosecution's case was the identification of appellant by Booker's paramour, one Leon Wilson. Wilson testified at an identification hearing that he had begun viewing mug shots at the precinct house a few days after the crime. He testified at the trial that the perpetrator of the crime wore a light beige coat. In a police report filled out by the investigating detective more than two weeks after the crime, it is stated that Wilson had refused to look at the mug shots. The report gives the description of the perpetrator as wearing a three-quarter length black leather coat. Although the informant is listed as Booker (she was then still alive), the report notes that Wilson was unable to provide any further information which would aid in identifying the perpetrators. Although these blatant inconsistencies may have been explainable, the prima facie value of the police report to appellant as exculpatory evidence is clear. Yet, despite an express order by the trial court to turn over any exculpatory material to the defense, the prosecution failed to provide defense counsel with the police report. It is incumbent upon the prosecution to disclose any possible discrepancy in a witness' identification of a defendant *(People v Ahmed,* 20 NY2d 958; *People v Simmons,* 36 NY2d 126). The failure to do so requires a new trial. We also

note with disapproval the manner in which the trial court charged the jury with respect to appellant's failure to testify on his own behalf. Although the substantive portion of the charge was correct, the court explained to the jury that it "must" so charge when defendant asked for such a charge and that defense counsel had requested it. This remark was unwarranted because it implied that the court was averse to giving the charge, but was coerced into doing so. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.