■ The People of the State of New York, Appellant, v Larry Smith, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated September 10, 1975, which, without a hearing, *inter alia,* granted defendant's motion to dismiss the indictment on the ground that he had not been afforded a speedy trial. Case remitted to Criminal Term to hear and report on the issue of defendant's claim that he was denied his right to a speedy trial, and appeal held in abeyance in the interim. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ The People of the State of New York, Respondent, v Robert Strawder, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 9, 1974, convicting him of robbery in the first degree, grand larceny in the third degree, attempted assault in the second degree (two counts) and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree and possession of weapons, etc., as a felony, and the sentences imposed thereon, and said counts are dismissed. As so modified, judgment affirmed. Under the facts of this case, the counts of grand larceny in the third degree and possession of weapons, etc., as a felony, are inclusory concurrent counts of robbery in the first degree, committed while armed with a deadly weapon (see *People v Grier,* 37 NY2d 847; *People v Ridout,* 46 AD2d 643; *People v Colon,* 46 AD2d 624). In its charge to the jury, the trial court stated: "This defendant, as you know, did not testify. I have been asked by the attorney for the defendant to charge you on this aspect of the law, and I am now doing it. Our statute says, 'A defendant may testify in his own behalf, but his failure to do so is not a factor from which any inference unfavorable to him may be drawn.' " In *People v Turner* (48 AD2d 674, 674–675), this court said: "We also note with disapproval the manner in which the trial court charged the jury with respect to appellant's failure to testify on his own behalf. Although the substantive portion of the charge was correct, the court explained to the jury that it 'must' so charge when defendant asked for such a charge and that defense counsel had requested it. This remark was unwarranted because it implied that the court was averse to giving the charge, but was coerced into doing so." The proof of defendant's guilt in this case is so overwhelming that the error in the charge should be disregarded. Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.