■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE HOLIDAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 8, 1978, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. On February 5, 1977 complainant, who was renting a room in the defendant's home, got into an argument with the defendant over unpaid rent and a scuffle ensued. Complainant then walked upstairs to his room, whereupon the defendant picked up a knife and followed him. Defendant testified that as he "pushed [open] the door" to complainant's room, the complainant was bending over, then turned around, and as he did so "The knife slipped off the door [sic] and he came right up into the knife and I couldn't stop it * * * I wasn't intending to cut him". Complainant testified as follows: "I went upstairs and I was going to change my work clothes and all of a sudden the door came open. When the door came open I turned my head. As I turned my head he struck me with the carving knife." Thus, the only substantial issue presented was whether the defendant *intended* to inflict serious physical injury upon the complainant, and on this subject the latter's testimony was inconclusive. In its instructions to the jury with respect to "intent", the trial court gave the following example of what constitutes legally sufficient evidence of criminal intent: "Assume, if you will, that Mr. A hits Mr. B on the head with a hammer. A gets locked up for hitting B on the head with a hammer. A comes to court and says, I didn't intend to hurt B. So the law turns around and says, well, now, what did A intend when you strike a man on the head with a hammer? Can it be said that you did not intend to hurt that man? Can it be said—can A say I only hit B on the head because I was testing out the hammer? You don't test out a hammer on a man's head. When you whack a man on the head with a hammer you certainly intend to hurt him. What was the intention here? This is for you to say." In our opinion, the foregoing "example" had no application *to the facts of the instant case* and served only to discredit the defendant's contention that he had struck the complainant accidentally. Further, the court, at first, omitted from its charge the statutory definition of "intent" set forth in section 15.05 of the Penal Law, and later, when asked by defendant's counsel to read that provision to the jury, impermissibly emphasized to said jury the fact that he was doing so only at defendant's insistence (cf. *People v Turner,* 48 AD2d 674). In addition, the court, in the course of its charge, informed the jury of the following: "And I don't mind telling you, I sat here like you did, I listened to the testimony and I don't mind telling you if you don't think for one moment that I know what's going on, I'd have to be an idiot or a moron not to know what happened here, but under the law when a defendant demands a trial by jury the Judge has no opinion for the guidance of the jury because if I did, then there would be no need for a jury trial." By this statement, the court not only conveyed to the jury that it had formed an opinion as to the defendant's guilt, but implied rather broadly that there could be no reasonable doubt on the subject. This, too, was improper. In our view, the foregoing

errors warrant a new trial. We note that the court properly refused to instruct the jury with respect to the defense of justification since the evidence viewed most favorably to defendant did not make out that defense (see *People v Steele,* 26 NY2d 526). We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.