OPINION OF THE COURT
Per Curiam.
These cross appeals concern the consequence of the People’s failure to produce photo arrays in response to defendant’s request, the admissibility of expert testimony, and the propriety of separate convictions of robbery in the first degree involving a firearm and criminal use of the same firearm.
On February 5, 1981, several masked men entered a Buffalo tavern and committed a gunpoint robbery. Five days later, Merrel Sanford, a special police officer who had chanced upon the incident, identified defendant from a photo array as a participant in the robbery. Indicted for robbery, criminal use of a firearm, and unlawful imprisonment, defendant made a demand for production of documents and a Brady request, including a request for "photos that were used in the photograph identification”. The People responded that there was no Brady material, and offered to make available the District Attorney’s file (other than work product and Grand Jury minutes) for defendant’s inspection. At a Wade hearing, which resulted in denial of defendant’s motion to suppress any identification evidence, the People displayed the five photographs used when defendant was identified. Moreover, they assured defense counsel (contrary to doubts he had voiced) that there was no photograph of defendant in a first array that had been viewed by Sanford, and that a parole picture of defendant was used because it was the only recent photograph the People had of defendant. In a letter three days later, the People advised defense counsel that the first photo array shown to Sanford was not in existence.
At a bench trial commencing June 23, 1982 before the same Judge who denied defendant’s suppression motion, Sanford was extensively cross-examined about his prior identification of defendant. He testified that he had viewed at least two *559 photo arrays — the first immediately following the crime, at which defendant’s picture did not appear, and the second five days later, when he was shown more than one picture of defendant. During the cross-examination, in response to defense counsel’s question, the People assured him that the photographs were still available. Defendant made no objection to Sanford’s identification testimony, no effort to reopen the Wade hearing, and no mention of the People’s failure to produce in his comprehensive motion at the close of the People’s case or elsewhere, until after the court had determined that defendant was guilty. The Appellate Division modified the judgment of conviction of seven counts of robbery in the first degree (Penal Law § 160.15 [4]), one count of robbery in the first degree (Penal Law § 160.15 [2]), and two counts of criminal use of a firearm in the first degree (Penal Law § 265.09 [2]) by reversing the two weapons counts, and otherwise affirmed. Both parties appeal.
Defendant urges that the People violated Brady by failing to produce the photographs in response to his requests, and that he was therefore denied a fair trial. Assuming the disputed information is Brady material, we conclude that defendant is entitled neither to a new trial nor to reopen the Wade hearing. While the People unquestionably have a duty to disclose exculpatory material in their control (see, People v Simmons, 36 NY2d 126, 131), and failure to respond to a specific, relevant request is seldom, if ever, excusable (see, People v Cwikla, 46 NY2d 434, 441), here — though the prosecutor’s conduct with respect to production is hardly laudable —reversal is not required. The information was known to defense counsel at the latest during his cross-examination of Sanford (cf. People v Ahmed, 20 NY2d 958), when the details of the various arrays were elicited and the photographs still available for inspection, yet defendant took no steps to challenge the identification based on that information until after he was found guilty. Defendant cannot claim that he was deprived of due process when he had the opportunity during the bench trial to cross-examine the identifying witness using the allegedly exculpatory evidence (see, People v Smith, 63 NY2d 41, 68, cert denied — US —, 105 S Ct 1226; compare, People v Geaslen, 54 NY2d 510). Similarly, in these circumstances the trial court did not abuse its discretion in denying defendant’s posttrial motion to reopen the Wade hearing (see, CPL 710.40 [4]; People v Fuentes, 53 NY2d 892).
'Nor is there merit to defendant’s contention that — in a *560 case where the testimony indicated two shots had been fired at the person identified as defendant, and he was seen several hours later with his head and hand bleeding and bandaged— the expert medical testimony regarding scars found on defendant’s body should have been stricken as speculative. Expert conclusions need not be asserted with certainty, so long as the witness demonstrates a degree of confidence in his conclusions sufficient to satisfy accepted standards of reliability (see, Matter of Anthony M., 63 NY2d 270, 280; Matott v Ward, 48 NY2d 455, 459). The weight to be accorded such testimony lies within the province of the trier of fact (People v Thomas, 53 NY2d 983). Defendant’s objection, made at the close of the doctor’s testimony, was to strike that testimony in its entirety as speculative. The trial court acted within its discretion in concluding that the testimony as a whole was not without some probative value. While the doctor could not fix the dates of defendant’s wounds with any certainty, he was able to identify a scar on defendant’s left hand as an untreated bullet wound at least four months old.
Finally, reaching the People’s cross appeal, the Appellate Division properly concluded that robbery in the first degree could not serve as the predicate crime for the weapons counts. Defendant’s convictions of robbery in the first degree (Penal Law § 160.15) and criminal use of a weapon in the first degree (Penal Law § 265.09) are "concurrent counts” because defendant could receive only concurrent sentences (CPL 300.30 [3]; see, Penal Law § 70.25 [2]). However, neither crime is "greater” than the other — each being a class B felony — and they therefore constitute "non-inclusory concurrent counts” (CPL 300.30 [4]). Accordingly, the trial court was expressly authorized to consider all counts by CPL 300.40 (3) (a), which provides that, "[w]ith respect to non-inclusory concurrent counts, the court may in its discretion submit one or more or all thereof’.
Although technically proper, defendant’s convictions of both crimes should not stand. Neither crime contains an element which is not also an element of the other crime. The gun first elevated defendant’s robbery conviction to a class B violent felony; the class B felony and possession of that same gun then sustained the conviction for criminal possession of a firearm. When use of or display of a firearm is an element of a class B felony, the use or display of that same firearm cannot also be the predicate for criminal display of a firearm in the first degree. We therefore conclude that the convictions of *561 both crimes under these circumstances constituted an abuse of discretion (compare, People v Leiva, 63 NY2d 288).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
Order affirmed.