■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN McFADYEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Marasco, J.), rendered July 14, 1983, convicting him of burglary in the second degree, grand larceny in the third degree, criminal possession of a controlled substance in the seventh degree (two counts), criminal possession of a hypodermic instrument, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve his claim that the court erred in refusing to suppress certain physical evidence, since no timely pretrial motion for this relief was made (CPL 255.20 [1]; 710.40 [1]; see People v Martin, 50 NY2d 1029).

Further, we reject the defendant's contention that he was denied a fair trial by the court's failure to sever his trial from that of his codefendant. Both he and his codefendant gave confessions to the police which recited their planning of the burglary and their drive from Yonkers to Somers for the purpose of committing the crime. These admissions were so similar and interlocking that it is unlikely that any prejudice to the defendant resulted from the admission of his codefendant's statement (see, People v Cruz, 66 NY2d 61, cert granted — US —, 106 S Ct 2888; People v Berzups, 49 NY2d 417; People v Eastman, 114 AD2d 509). The only difference between the two statements was the codefendant's admission that he had actually committed the crimes. The defendant was sitting

alone in his car parked near the burglary site when both he and his codefendant were arrested, and proof that the burglary was committed by the codefendant was necessary in establishing the defendant's guilt of acting in concert with him in the commission of the crimes. However, as there was overwhelming proof of the defendant's guilt, independent of the codefendant's statement, there is little likelihood that the jury, despite the court's instruction to the contrary, seized upon this statement as a "guide for resolving ambiguities in the People's case against the [defendant]" *(see, People v Payne,* 35 NY2d 22, 28).

While we note with disapproval the trial court's comment in charging a lesser included offense that said charge was being given at the defendant's request *(see, People v DeFiore,* 51 AD2d 806), the evidence of the defendant's guilt in this case is so overwhelming that the error may be deemed harmless *(see, People v Crimmins,* 36 NY2d 230; *cf., People v Strawder,* 54 AD2d 743).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.