■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE BAPTISTE, Also Known as SAL CASIO, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Marasco, J.), rendered July 27, 1983, convicting him of burglary in the second degree, grand larceny in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement authorities and identification testimony.

Ordered that the judgment is affirmed.

The defendant was tried jointly with his codefendant, Martin McFadyen, whose conviction has been affirmed by this court *(People v McFadyen,* 127 AD2d 702). As we found in *People v McFadyen (supra),* both perpetrators gave confessions to the police which recited their planning of the burglary and their drive from Yonkers to Somers for the express purpose of committing the crime. While the defendant credited McFadyen with devising the scheme, he unequivocally admitted

that he had accomplished the actual physical break-in. When the police displayed the proceeds of the burglary to the defendant and asked him to identify the articles, he responded that he had nothing further to say. The trial court directed the jurors that they should only consider each confession against its respective maker.

In addition to the direct evidence provided by the defendant's confession, a neighbor observed a man who closely met the defendant's description running away from the burglarized residence while carrying a blue sack exactly like the one stolen from the premises. A search of the area by the police revealed a pillowcase filled with jewelry, a pocket camera and a computer. The pillowcase and its contents were identified as having come from the burglarized residence. A second eyewitness, who was at his mother's home having lunch at the time of the burglary, observed the approach of a pallid looking man with dark hair and a moustache, wearing sunglasses, a brown shirt, blue jeans and a gold chain. That individual was carrying a blue bag. The witness took notice of the individual since it was very unusual for a stranger to approach the common driveway in his mother's neighborhood which was an "obscure area". Moreover, the individual, who had been running, stopped suddenly, looked at the house and walked in the opposite direction. The witness unequivocally identified the defendant as the individual he had observed.

At approximately 1:00 or 1:15 P.M. on the day of the crime, a third eyewitness was driving along Butlerville Road in Somers when she observed a stranger walking into the driveway of one of her neighbors. The witness described this as an unusual occurrence inasmuch as strangers were seldom seen in that vicinity. At one point she came as close as 3 or 4 feet to the individual, and had an opportunity to observe his entire face. Upon returning to her office, the witness telephoned the New York State Police with regard to her observation. She made an in-court identification of the defendant as the person she had observed.

While the Confrontation Clause bars the admission, at a joint trial, of a nontestifying codefendant's confession which served to incriminate the defendant even if the jury is given a limiting instruction and even if the defendant's own confession is admitted against him, the defendant's own confession may be considered on appeal in assessing whether the violation was harmless (*Cruz v New York*, 481 US —, 107 S Ct 1714). Where a Confrontation Clause violation is involved, the error under review will be deemed harmless only where it can

be said that that error was harmless beyond a reasonable doubt *(Harrington v California,* 395 US 250; *People v Smalls,* 55 NY2d 407). To satisfy that criterion, there must be overwhelming proof of guilt and no reasonable possibility that the jury would have acquitted the defendant but for the subject error *(People v Crimmins,* 36 NY2d 230).

It bears noting that the codefendant's counsel, at the conclusion of the pretrial hearings, indicated his intention to request a severance and to address the court on the issue of the severability of the trials. The court, at that juncture, denied a severance. Although the defendant's counsel stated, during the course of trial, that she had joined in the codefendant's application for a severance, there is no evidence of this on the record.

The evidence adduced at trial, including the defendant's confession to law enforcement officers which was properly found to be voluntary, the testimony of three eyewitnesses who saw him in close proximity to the burglarized premises immediately following the crime, and the discovery of the fruits of the crime, provided overwhelming evidence, both direct and circumstantial, of the defendant's guilt. Furthermore, there was no reasonable possibility that the jury would have acquitted the defendant if the codefendant's statement had not been introduced. It bears noting that McFadyen's confession, which concerned merely the planning of the crime with the defendant, was far less expansive than was the defendant's confession. Under the circumstances, the error involved in admitting the nontestifying codefendant's confession at the joint trial was clearly harmless beyond a reasonable doubt *(cf., Cruz v New York,* 481 US —, 107 S Ct 1714, 1719, *on remand* 70 NY2d 733).

The testimony at the pretrial hearing established that the People met their burden of demonstrating that an independent source existed for the in-court identification of the defendant by the third eyewitness, which survived the taint of any suggestive procedure previously employed by the police *(see, Manson v Brathwaite,* 432 US 98; *United States v Wade,* 388 US 218; *People v Martin,* 101 AD2d 869). The record bears out the fact that that witness viewed the defendant from a short distance in bright daylight, gave a detailed description of him to the police, and identified him with a high degree of certainty.

We find that the court's charge on the burden of proof, when read as a whole, conveyed the correct standard to the jury *(see, People v Woods,* 41 NY2d 279).

We have considered the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.