■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVARADO, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Leahy, J.), rendered September 28, 1982, convicting him of murder in the second degree (six counts), attempted murder in the second degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was jointly tried with his brother, Juan Alvarado, for murder, attempted murder and robbery in connection with the deaths of Carlton Lastique, Judy Williams and Barbara Brooks and the shooting of Connie Robinson. A third defendant was separately tried. At the joint trial, the statements the defendant and his codefendant made to law enforcement officials were admitted into evidence, with a limiting instruction (see, Bruton v United States, 391 US 123). Neither the defendant nor his codefendant testified at trial and both were convicted of the crimes with which they were charged. This court previously affirmed the codefendant's conviction (see, People v Alvarado, 130 AD2d 663, lv denied 70 NY2d 952).

In light of the recent Supreme Court decision in Cruz v New York (481 US 186), we agree that the defendant's rights under the Confrontation Clause of the United States Constitution were violated by the admission into evidence of his codefendant's confession. We note that since no claim was made at trial that the codefendant's statement was admissible against the defendant as a declaration against penal interest (see, People v Brensic, 70 NY2d 9, mot to amend remittitur granted 70 NY2d 722), the defendant was not given an opportunity to challenge the reliability of the statements and the People cannot seek to uphold the denial of the defendant's motion for a severance on this ground (see, People v Cruz, 70 NY2d 733; People v Nieves, 67 NY2d 125; People v Thomas, 140 AD2d 562). However, given the facts that the defendant's own confession was much more expansive than that of his codefendant; that Connie Robinson identified the defendant, whom she had known previously, as one of the perpetrators; and that an accomplice who drove the perpetrators to and from the crime scene corroborated the testimony of Robinson and the defendant's confession, we find this error to be harmless beyond a reasonable doubt (see, People v Williams, 136 AD2d 583; People v Baptiste, 135 AD2d 546, lv denied 70 NY2d 952).

We have considered the defendant's remaining contentions and find them to be without merit (see, People v Alvarado,

*supra)*. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.