■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO VILARDI, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Owens, J.), dated April 1, 1987, which denied, without a hearing, the defendant's motion to vacate a judgment of the same court, rendered October 12, 1983, convicting him of arson in the first degree, reckless endangerment in the first degree, attempted arson in the first degree, conspiracy in the second degree (two counts), and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The judgment was affirmed by order of this court dated September 4, 1984 *(see, People v Vilardi, 104 AD2d 739)*.

Ordered that the order is modified, on the law, by granting the defendant's motion to vacate the judgment to the extent that the conviction of arson in the first degree and the sentence imposed thereon are vacated; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count.

Based upon the uncontroverted evidence contained in the defendant's postjudgment motion papers, we find that the prosecution violated the defendant's constitutional right to be informed of exculpatory information known to the State *(see, Brady v Maryland, 373 US 83)*. The defendant made a pretrial discovery request for all reports "by ballistics, firearm and explosive experts" relating to an explosion which allegedly occurred on December 11, 1980. Although the prosecution forwarded some material in response to this request, it did not turn over an exculpatory DD-5 report prepared the day after the incident by the chief bomb squad expert, Sergeant Daniel Kiely. The report contained Kiely's initial conclusion that no explosion had occurred.

The prosecution is under a constitutional duty to disclose to the defense evidence favorable to the defendant that is material to either guilt or innocence *(see, Brady v Maryland, 373 US 83, supra)*. The Court of Appeals has adopted the rule set forth in *United States v Bagley* (473 US 667) that "constitutional error occurs only if the evidence which was not disclosed was material in the sense that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' " *(People v Chin, 67 NY2d 22, 33, quoting from United States v Bagley, supra, at 682; see also, People v Robinson, 133 AD2d 859; People v Alongi, 131 AD2d 767)*. However, where the prosecutor fails to disclose exculpatory material in response to a specific and relevant request, as in

this case, the failure to respond "is seldom, if ever, excusable" *(People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093, citing *People v Cwikla,* 46 NY2d 434), and is not harmless if there is a reasonable possibility that it contributed to the defendant's conviction *(see, People v Porter,* 128 AD2d 248).

In light of the less than overwhelming evidence of arson in the first degree, we conclude that the defendant was prejudiced by the People's failure to disclose the exculpatory report. At the very least, "the defendant was deprived of the opportunity to make an informed decision regarding the trial strategy that would have been in his best interests to pursue, which must be considered in this case to have deprived him of a fair trial" *(People v Smith,* 127 AD2d 864, 866).

However, while the defendant is entitled to a new trial on the charge of arson in the first degree, reversal is not warranted as to the lesser counts since the undisclosed evidence is not exculpatory as to these counts, and there is overwhelming evidence to support the defendant's convictions on the lesser charges.

We have examined the defendant's remaining contention and find it to be without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.