■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY POWELL, Appellant.—Judgment of the Supreme Court, Bronx County (Alexander Chananau, J.), rendered on or about July 15, 1983, convicting defendant, following a jury trial, of two counts of robbery in the first degree, rape in the first degree, attempted sodomy in the first degree, and criminal use of a firearm in the first degree and sentencing him, as an armed violent felony offender, to two indeterminate terms of incarceration of from 12½ to 25 years on the robbery counts to run concurrently with each other but consecutively with an indeterminate term of incarceration of from 12½ to 25 years on the rape conviction, an indeterminate term of from 5 to 15 years for the attempted sodomy conviction and an indeterminate term of from 12½ to 25 years on the firearm conviction, is unanimously modified on the law to the extent of reducing the sentence for the rape conviction to an indeterminate term of incarceration of from 8⅓ to 25 years and vacating the sentence for the firearm conviction, and otherwise affirmed.

The People concede that the sentence must be modified with respect to both the conviction for rape in the first degree and criminal use of a firearm in the first degree. In that regard, the People correctly assert that since the rape conviction was not for an armed violent felony offense, 12½ to 25 years was not an authorized sentence. Accordingly, the appropriate sentence should be 8⅓ to 25 years, which is the maximum minimum for a class B violent felony offense. Moreover, the People also properly note that the sentence for criminal use of a firearm must be vacated in that it is a noninclusory concurrent count of the convictions for first degree robbery *(People v Brown,* 67 NY2d 555, 560). We have considered defendant's other contentions and find them to be without merit. Concur— Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.