■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered September 8, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant's request for a hearing to determine whether his arrest was supported by probable cause was properly denied since his supporting papers were conclusory and failed to state sufficient facts to warrant such a hearing *(see, People v Gomez,* 67 NY2d 843; *People v Allweiss,* 48 NY2d 40; *People v Stevens,* 129 AD2d 749; *People v Colon,* 127 AD2d 678, *affd* 71 NY2d 410).

The defendant additionally contends that the admission of the nontestifying codefendant's confession, at their joint trial, violated the principles enunciated in *Cruz v New York* (481 US 186, *on remand* 70 NY2d 733) and that he is, therefore, entitled to a new trial.

In assessing whether a violation of the Confrontation Clause may be deemed harmless beyond a reasonable doubt, the defendant's own confession may be considered on appeal *(see, Cruz v New York, supra).* Although this court concluded that the codefendant was entitled to a new trial by virtue of the *Cruz* violation *(see, People v Scalerico,* 140 AD2d 386), we find that the defendant's own confession, which was admitted against him, was so detailed and expansive as to render the *Cruz* violation harmless beyond a reasonable doubt *(see, People v Alvarado,* 141 AD2d 738; *People v Williams,* 136 AD2d 581; *People v Baptiste,* 135 AD2d 546).

Specifically, the defendant indicated, in his confession, how the crime was conceived, how he and the codefendant arrived at the scene, what type of weapon was used, how they escaped, the amount of proceeds obtained as a result of the robbery,

and how he utilized the proceeds, along with various other incriminating details. The defendant's confession, which was corroborated by other evidence, provided overwhelming proof of his guilt and there is no reasonable possibility that the jury would have acquitted the defendant had he and the codefendant been tried separately.

We have reviewed the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.