*169 OPINION OF THE COURT
Gerald Sheindlin, J.
Following a trial by jury, defendant was convicted of robbery in the first degree (Penal Law § 160.15 [4]). The defendant moves, pursuant to CPL 330.30 (1); 330.40 (1); and 330.50, to set aside the verdict on the grounds that the prosecutor failed to turn over Brady material, to wit, the criminal record of a witness, Adolfo Guzman. The issue presented here, apparently one of first impression, is whether a defense counsel must make a specific request for Brady material in order to invoke the United States v Agurs class II standard, after the prosecutor makes an affirmative representation that specific Brady material does not exist. After careful review of the record and applicable law, this court finds that the defense need not make a specific request under the peculiar facts of this case and further finds that there was a Brady violation in the instant case. Hence, defendant’s motion to set aside the verdict is granted, and a new trial is ordered.
FACTS
Defendant was indicted and brought to trial for the gunpoint robbery of Louis Disla. During the course of the People’s case-in-chief, the People called Adolfo Guzman to the witness stand. Mr. Guzman testified, in substance, that he heard, over a two-way radio, the victim’s call for help and the victim’s description of certain events.
Before Mr. Guzman testified, a bench conference was held. The prosecutor stated that Mr. Guzman had been discovered after the trial commenced. He further stated that Mr. Guzman informed him that he had never been arrested. The prosecutor ordered a record check, in any event. As a result of this representation, neither side questioned this witness about any prior conflicts with the law. Subsequent to the verdict, the prior record of the witness was received by the prosecutor. It revealed that the witness had two misdemeanor weapon convictions. The prosecutor informed the court and defense counsel of the witness’s criminal record the morning after the verdict was rendered.
Thereafter, the defendant moved to set aside the verdict on the grounds that the prosecutor, in contravention of CPL 240.45 (1) (b), failed to make available to the defendant the criminal record of Adolfo Guzman. The People opposed the motion, arguing that there was no specific request for the *170 records, and even if a specific request was implied, a new trial should not be ordered since the impeachment evidence was not material to the outcome of the trial. For the following reasons, this court finds that a Brady violation occurred and consequently, defendant’s verdict must be set aside and a new trial ordered.
DISCUSSION
The principle that evidence exculpatory in nature and in the possession of the prosecution must be made accessible to the defendant (Brady v Maryland, 373 US 83, 86-88 [1963]) also applies to evidence which impeaches the credibility of a People’s witness (Giglio v United States, 405 US 150, 154-155 [1972]; People v Cwikla, 46 NY2d 434, 441 [1979]; People v Howard, 127 AD2d 109, 113 [1st Dept 1987]). A witness’s criminal conviction record is evidence which must be disclosed under Brady principles. (People v Santiago, 138 AD2d 327 [1st Dept 1988].)
In United States v Agurs (427 US 97 [1976]), the United States Supreme Court noted that the Brady rule applied in "three quite different situations.” (United States v Agurs, supra, at 103.) Hence, three distinct classes of violations were set forth. A class I violation involves the use by the prosecution of testimony that the prosecutor knew, or should have known, was perjurious. Such a conviction is fundamentally unfair, and must be set aside, if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. Hence, materiality is a factor in this class of violation. A class II violation occurs when exculpatory evidence is not disclosed pursuant to a specific relevant request. (Brady v Maryland, supra, 373 US, at 86-88; People v Smith, 63 NY2d 41, 66-67 [1984]; People v Cwikla, 46 NY2d 434, 441 [1979], supra.) When a prosecutor fails to disclose Brady material in response to such a particularized specific request, "the failure to make any response is seldom, if ever, excusable” and hence, reversal is required. (United States v Agurs, supra, 427 US, at 106; People v Brown, 67 NY2d 555, 559 [1986], cert denied 479 US 1093 [1987]; People v Cwikla, supra, 46 NY2d, at 441.) Materiality of the nondisclosed evidence is not a factor. The class III violations involve cases where there is either no defense request at all, or a generalized request (i.e., "produce all Brady material”). Under such circumstances, reversal is required only if the omitted evi *171 dence was material, that is, if " 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different’ ” (People v Chin, 67 NY2d 22, 33 [1986]).
In the case at bar, difficulty arises in determining which Agurs formulation to apply. Certainly, this case does not involve a class I situation, since the witness informed the prosecutor that he had no criminal record. Indeed, the prosecutor’s good faith is not questioned here, since the prosecutor, with commendable candor, informed this court and defense counsel immediately upon discovery of the prior convictions. Nor does this case fall squarely within the class II category, since defense counsel made no specific request for the omitted material. In light of the prosecutor’s specific representation that the witness did not have a prior record, it would be fundamentally unfair to place this case into the class III situation.
Accordingly, a fourth category must be established to encompass the circumstances presented. Specifically, this court holds that when a prosecutor makes an affirmative specific representation as to specific Brady material, a defense attorney is not required to make a particularized request for that material. A specific request for that material will, instead, be implied. To require defense counsel to utter a request for specific material, the existence of which has already been denied, in order to trigger the class II standard, is placing form over substance.
Citing United States v Bagley (473 US 667 [1985]), the prosecution argues that, absent a finding of materiality of the newly discovered convictions, a new trial should not be ordered. This court rejects the prosecutor’s argument that, under these particular circumstances, materiality is a factor in resolving this Brady violation. Bagley suggests that materiality of the omitted material should be the sole test to be applied in all three classes of violations of Brady. Agurs (supra), as noted, separates the classes of violations and the requirements of materiality. This court declines to follow the Bagley position.
Although the Court of Appeals has not been presented with a case which specifically addresses whether the Agurs test or the Bagley approach should be followed, examination of pertinent law leads this court to conclude that the Court of Appeals would adhere to the Agurs standards. In People v *172 Brown (supra) the Court of Appeals repeated the Agurs test as it had been adopted in People v Cwikla (supra), in an opinion written after Bagley (supra), although the court omitted any reference to Bagley. However, in light of the reaffirmation of the Agurs test in Brown (supra), it is reasonable to assume that the Court of Appeals will continue to take the position that the "failure to respond to a specific, relevant request is seldom, if ever, excusable” (People v Porter, 128 AD2d 248, 254 [1st Dept 1987]). Such a position is also consistent with the Court of Appeals "right sense of justice” sentiment, expressed in the Rosario line of cases, of placing an absolute duty on the prosecutor to disclose all witnesses’ prior statements to the defense. (People v Jones, 70 NY2d 547, 550 [1987]; People v Novoa, 70 NY2d 490, 498-499 [1987].) Furthermore, appellate courts which have addressed post-Bagley-Brady situations have adhered to the Agurs approach. (People v Porter, supra; People v Velez, 118 AD2d 116, 119 [1st Dept 1986].)
CONCLUSIONS
For the foregoing reasons, this court finds that the prosecutor’s failure to turn over Mr. Guzman’s criminal record constitutes an inexcusable Brady violation. Hence, defendant’s motion to set aside the verdict is granted, and a new trial is ordered.