OPINION OF THE COURT
Gerald Sheindlin, J.
Following a trial by jury, the defendant was convicted of *673 robbery in the first degree (Penal Law § 160.15 [4]). The defendant subsequently moved to set aside the verdict on the grounds that the prosecutor failed to turn over Brady material, to wit, the criminal record of the witness Adolfo Guzman. Relying on People v Porter (128 AD2d 248 [1st Dept 1987]), this court granted the motion, reasoning that when a prosecutor fails to disclose Brady material in response to a particularized specific request, or its equivalent, this failure is seldom, if ever, excusable, and hence, reversal is required per se.
Now, citing the recent Court of Appeals case of People v Vilardi (76 NY2d 67), the People move to reargue this court’s earlier decision, and request this court to reinstate the verdict. The People argue that this court failed to use a "materiality” standard in evaluating the issue presented. After careful review of the Vilardi case, and for the reasons set forth herein, this court grants the People’s application to reargue. The defendant’s motion to set aside the verdict, on reargument, is now denied.
DISCUSSION OF LAW
At the time this court issued its initial decision setting aside the verdict, the Court of Appeals had not addressed the issue of what standard should be applied in Brady violation cases. The court had not discussed whether the three-tiered analysis enunciated in United States v Agurs (427 US 97 [1976]),[1] or the uniform materiality test set forth in United States v Bagley *674 (473 US 667 [1985])[2] should be applied in this State. Therefore, guided by the First Department’s Porter decision (supra) and the Court of Appeals trend of placing an absolute duty on the prosecutor to disclose all witnesses’ prior statements to the defense (People v Jones, 70 NY2d 547, 550 [1987]; People v Novoa, 70 NY2d 490, 498-499 [1987]), this court ruled that failure to turn over specifically requested Brady material was per se reversible error. The issue of materiality was not addressed.
Subsequent to this court’s decision, the Court of Appeals clarified the Brady situation in the Vilardi case (76 NY2d 67, supra). In Vilardi, the court rejected the single-standard approach set forth in Bagley (supra), finding that the Bagley standard was unclear and noted that this State’s view of due process is predicated upon both elemental fairness to the defendant and upon the concern that the prosecutor’s office discharge its ethical and professional obligations. In furtherance of the vital interest the court has recognized "in a decision rendered by a jury whose ability to render that decision is unimpaired by failure to disclose important evidence” (People v Vilardi, supra, at 78; People v Savvides, 1 NY2d 554, 557 [1956]), the Court of Appeals instead adopted a materiality standard premised on the Agurs decision (supra). Specifically, in the situation where a prosecutor was made aware by a specific discovery request that defendant considered certain material important to the defense, a verdict will be set aside upon a showing of a "reasonable possibility” that the failure to disclose the exculpatory material contributed to the verdict. Thus, a question of "materiality” is injected into the Brady-violation formula. Accordingly, this court now applies the test set forth in Vilardi to the instant case to determine whether Mr. Guzman’s prior misdemeanor record was "material” to the outcome of the case.
After careful consideration of the facts of the case at bar, this court concludes that the nondisclosed record was not "material” to the outcome of the case. At best, the material at issue could have served to impeach the credibility of Mr. *675 Guzman. But even if Mr. Guzman’s testimony had been completely discounted, there is no "reasonable possibility” that the outcome of the trial would have been different. Mr. Guzman was not an eyewitness to any aspect of the crime. He merely testified as to the contents of the complainant’s broadcasted description of the robber’s appearance. Mr. Guzman’s testimony was hearsay and might have, upon an appropriate objection, been precluded in any event. Furthermore, defense counsel’s skillful cross-examination dulled this witness. Finally, the case against the defendant was strong. The victim chased defendant, accompanied by police officers, to the point of defendant’s apprehension. The defendant was caught within minutes, hiding in a concrete planter with the victim’s money in his waistband, wearing the same clothing described by the victim.
CONCLUSIONS
Thus, carefully considering all the factors in this case, this court concludes that there is no "reasonable possibility” that the outcome of the trial would have been different had the misdemeanor record been introduced. Accordingly, the People’s motion to reargue is granted. Upon reargument the defendant’s motion to set aside the verdict is denied.

. In United States v Agurs (427 US 97), the United States Supreme Court noted that the Brady rule applied in "three quite different situations” (supra, at 103). The first situation involved the use by the prosecutor of testimony that the prosecutor knew, or should have known, was perjurious. A conviction obtained under such circumstances was deemed fundamentally unfair and must be set aside if there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury.” (Supra, at 103.) The second situation occurred when a prosecutor failed to disclose Brady material in response to a particularized specific request by the defense. In such a case, "the failure to make any response is seldom, if ever, excusable” (supra, at 106) and reversal was warranted if the nondisclosed evidence "might have affected the outcome of the trial.” (Supra, at 104.) The third situation involved cases in which there had been no request, or only a general request, for exculpatory material. In such circumstances, the prosecution’s duty to disclose arose from the notice provided by the nature of the evidence, and reversal was required only if it "create[d] a reasonable doubt that did not otherwise exist” (supra, at 112).

. In United States v Bagley (473 US 667), the United States Supreme Court articulated a single test for materiality sufficiently flexible to cover the "no request”, "general request”, and "specific request” cases of prosecutorial failure to disclose evidence favorable to the accused. That is, reversal is warranted "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” (Supra, at 682.)