■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered January 18, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that judgment is reversed, on the law, a hearing is

ordered on that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police, and a new trial is ordered. No questions of fact have been raised or considered.

During the course of the jury's deliberations, when the jury recessed for dinner, and without instructing the jury to cease deliberations during dinner, the trial court directed a court officer to take one of the jurors home to retrieve religious articles and to a kosher restaurant for dinner. The juror later rejoined the other jurors at the court to continue deliberations. CPL 310.10 provides that a deliberating jury "must be continuously kept together under the supervision of a court officer" and mandates that the jury be secluded during deliberations (see, People v Coons, 75 NY2d 796). Although this is a statutory requirement which may be waived (see, People v Webb, 78 NY2d 335, 339-340; People v D'Alvia, 171 AD2d 96, 107-108), there is no evidence in this record of any such waiver by the defendant. We therefore find that the trial court erred in failing to keep the jurors sequestered after deliberations commenced and that a new trial is required.

Prior to the new trial, the defendant is entitled to a *Huntley* hearing to determine the admissibility of a statement he allegedly made to the arresting officer. The trial court denied the defendant's request for a hearing based on the People's representation that the statement fell within the pedigree exception to *Miranda* because it was elicited while the police were processing the defendant. As resolution of this issue depends on " 'whether the police were trying to inculpate defendant or merely processing him' " (People v Hester, 161 AD2d 665, 666; see, People v Nelson, 147 AD2d 774, 776), we find that, under the facts of this case, a hearing is required.

The defendant's request for a hearing to determine whether his arrest was supported by probable cause was properly denied since his supporting papers were conclusory and failed to set forth factual allegations sufficient to warrant such a hearing (see, People v Rodriguez, 162 AD2d 478; People v Gonzalez, 153 AD2d 589).

In view of our determination, we need not reach the defendant's remaining contentions. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.