■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREAS SCHINAS, Appellant. [611 NYS2d 564] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 20, 1990, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the seventh degree, under Indictment No. 13985/89, upon a jury verdict, and imposing sentence, (2) a judgment of the same court (Flug, J.), rendered November 26, 1990, convicting him of criminal sale of a controlled substance in the second degree, under Indictment No. 10322/90, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court, also rendered November 26, 1990, convicting him of burglary in the third degree, under Indictment No. 3190/84, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

We find no merit to the defendant's contention that he was deprived of his right to cross-examine prosecution witnesses as to his agency defense and to present a defense. It is well settled that the scope of cross-examination is within the sound discretion of the trial court *(see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Hulbert,* 183 AD2d 849). The cross-examination which was excluded was only marginally relevant to the agency defense. Furthermore, the evidence which the defendant sought to present in his defense was largely irrelevant to the agency defense, and most of this information was either already before the jury or information which would have been before the jury had the defense counsel accepted a stipulation from the prosecutor *(see, People v Sullivan,* 167 AD2d 564). Furthermore, we find the agency charge given to the jury conveyed the proper principles to the jury *(see, People v Planes,* 158 AD2d 481).

The defendant's contention that the trial court erred in informing the jury that it "must" charge the agency defense because the defendant raised the issue is unpreserved for appellate review, as the defendant failed to raise an objection to this remark *(see,* CPL 470.05 [2]). In any event, even though this remark constituted error *(see, People v McFadyen,* 127 AD2d 702; *People v Holiday,* 70 AD2d 645; *People v Turner,* 48 AD2d 674), we find the error to be harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v McFadyen, supra).*

We find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those contained in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.