OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The Appellate Division correctly reinstated the indictment count charging defendant with unlawfully wearing a body vest under Penal Law § 270.20 (1). That crime is committed when an individual, "acting either alone or with one or more other persons * * * commits any violent felony offense defined in [Penal Law] section 70.02 while possessing a firearm and in the course of and in furtherance of such crime he wears a body vest.” Criminal possession of a weapon in the third degree under Penal Law § 265.02 (4), one of the other crimes with which defendant was charged, is a violent felony under section 70.02 and thus satisfies the literal language of section 270.20 (1) requiring the commission of "violent felony offense.”
 

 Contrary to defendant’s contention, there is no legal or policy-based reason to exclude third degree criminal possession of a weapon under Penal Law § 265.02 (4) as a valid predicate violent felony offense sufficient to support criminal liability under section 270.20. In
 
 People v Brown
 
 (67 NY2d 555, 560), on which defendant relies, "[n]either crime contained] an element which [wa]s not also an element of the other crime.” Here, in contrast, there are several differences
 
 *725
 
 in the elements of the two charged crimes. Indeed, unlike the situation in
 
 Brown,
 
 even the weapon-possession elements of the crimes are different: Penal Law § 270.20 requires that the actor have been in possession of a "firearm”, while Penal Law § 265.02 (4), the source of the charged "violent felony offense,” requires proof that defendant possessed a
 
 "loaded
 
 firearm.”
 

 Finally, the Legislature could have rationally concluded that a person protected by a bullet-resistant body vest would be emboldened to commit criminal acts, including crimes involving the possession of contraband. Thus, although defendant argues otherwise, there is nothing anomalous about charging a defendant with unlawfully wearing a body vest "in furtherance of’ the additional crime of possessing a loaded firearm outside the home.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.